**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000407**
**30-APR-2019**
**08:04 AM**

NO. CAAP-18-0000407

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
FRANK ENOS, ALSO KNOWN AS FRANK ENOS, JR., Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-18-0000113)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Plaintiff-Appellant State of Hawai'i (**State**) appeals from the April 16, 2018 Order of Dismissal (**Dismissal Order**) entered by the Circuit Court of the First Circuit (**Circuit Court**)[1] in favor of Defendant-Appellee Frank Enos (**Enos**). The State also challenges the Circuit Court's May 3, 2018 Findings of Fact and Conclusions of Law, and Order Granting Defendant's Motion to Dismiss for De Minimis Violations (**FOFs and COLs**).

The State raises four points of error on appeal contending that: (1) the Circuit Court clearly erred in FOFs 1 and 3, when it found that Enos was found lying in a cardboard box

_____

[1] The Honorable Karen T. Nakasone presided.

and the glass pipe and packet were located five feet away; (2) the Circuit Court erred in COLs 5 and 8, when it relatedly concluded that the circumstances did not support a finding of illicit use or intent for illicit use; (3) the Circuit Court erred in COLs 10 through 18, 23, and 24, when it concluded that the offense of Trespass on State Land is not a property crime; and (4) the Circuit Court abused its discretion in dismissing the charge against Enos as *de minimis*.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced, the issues raised by the parties, and the relevant statutory and case law, we resolve the State's points of error as follows:

HRS § 702-236 allows for a court to dismiss a criminal charge for conduct that "may be so harmless that, although it technically violates [the statute], it is nonetheless *de minimis* pursuant to HRS § 702-236." State v. Viernes, 92 Hawai'i 130, 135, 988 P.2d 195, 200 (1999). As the movant, the defendant bears the burden of proof on the issue and "must establish that his or her conduct neither caused nor threatened to cause the harm or evil that the statute, under which he or she is charged, seeks to prevent." State v. Oughterson, 99 Hawai'i 244, 256, 54 P.3d 415, 427 (2002).

The Hawai'i appellate courts have repeatedly recognized that "[t]he legislative purpose of the penal statutes relating to drugs and intoxicating compounds—including HRS § 712-1243—is to respond to 'abuse and social harm,'" as well as increased

property and violent crimes associated with the use of dangerous drugs. See Viernes, 92 Hawai'i at 134, 988 P.2d at 199 (citations omitted); see also State v. Fukagawa, 100 Hawai'i 498, 504-05, 60 P.3d 899, 905-06 (2002) ("Hawaii's drug laws were intended to control the use and sale of illicit drugs and to address related social harms, including property and violent crimes") (citations omitted); State v. Vance, 61 Haw. 291, 307, 602 P.2d 933, 944 (1979); State v. Purdy, CAAP-14-0001068, 2016 WL 763854, *3 (Haw. App. Feb. 23, 2016) (SDO); State v. Sanford, 97 Hawai'i 247, 256, 35 P.3d 764, 773 (App. 2001).

"In determining whether a defendant's conduct caused or threatened the evils sought to be prevented by drug laws, [the supreme] court has considered the amount of drugs a defendant possessed as one of the relevant circumstances to be considered" and has concluded that "if the quantity of a controlled substance is so minuscule that it cannot be sold or used in such a way as to have any discernible effect on the human body, it follows that the drug cannot lead to abuse, social harm, or property and violent crimes." Fukagawa, 100 Hawai'i at 505, 60 P.3d at 906; Viernes, 92 Hawai'i at 134, 988 P.2d at 199. However, quantity is only one of the surrounding circumstances a court must consider. Fukagawa, 100 Hawai'i at 505, 60 P.3d at 906. "Dismissing a charge without any indicators from the surrounding circumstances to demonstrate a de minimis infraction would be an abuse of discretion." Id. at 504, 60 P.3d at 905; see also State v. Park, 55 Haw. 610, 617, 525 P.2d 586, 591-92 (1974) (citing

the various factors a court should consider before dismissing a charge as *de minimis*).

Here, the Circuit Court's FOFs and COLs indicate that it recognized the harms sought to be prevented by HRS § 712-1243 as (1) the illicit use of drugs and (2) the commission of property crimes, and ultimately concluded that these harms were not caused or threatened by Enos's conduct. The State contends that the Circuit Court erred in reaching this conclusion by relying on clearly erroneous findings and an erroneous interpretation of the dangerous drug and criminal trespass statutes.

As to the first harm, the Circuit Court found and concluded that the substance Enos possessed "in the pipe and packet at issue weighed a combined .005 grams and contained methamphetamine, which is not *de minimis*" and "meets the criteria for illicit use." However, the Circuit Court further concluded that the surrounding circumstances "do not support a finding of illicit use or intent for illicit use." On this point, the State challenges FOFs 1 and 3, arguing that the Circuit Court clearly erred in finding that Enos was lying "inside" the cardboard box and that the pipe and packet were located "five feet away" from Enos, when the stipulated evidence indicates that Enos was laying behind the cardboard box and that the pipe and packet were next to Enos's leg.

FOFs 1 and 3 are clearly erroneous as the findings that the pipe and packet were located five feet away from the cardboard box that Enos was lying in were not supported by the

evidence. The Circuit Court made other findings relevant to the issue of illicit use, but we cannot conclude that the Circuit Court's inclusion of and reliance on FOFs 1 and 3 was harmless error.

Regarding the other harm the Circuit Court recognized as sought to be prevented by HRS § 712-1243, i.e., the commission of property crimes, we agree with the Circuit Court's ultimate conclusion that Enos's alleged violation of Criminal Trespass Onto State Lands, is not the harm sought to be prevented by HRS § 712-1243. As this court has previously recognized, HRS § 712-1243 is intended "to control the use and sale of illicit drugs, and to address related social harms, including property and violent crimes." Purdy, 2016 WL 763854 at *11. HRS § 708-803(3) (Supp. 2018), the Habitual Property Crime statute, provides that "[a] person commits a property crime if the person engages in conduct that constitutes an offense under this chapter [708]." The offense of Criminal Trespass Onto State Lands, codified as HRS § 708-814.7 is "an offense under this chapter" and thus, is in that context, a "property crime."

Nevertheless, a review of the legislative history of HRS § 712-1243 reveals the Legislature's concern was with the type of property crimes actually associated with dangerous drug use. See, e.g., 2002 Haw. Sess. Laws Act 161, § 1 at 569 ("Studies . . . reveal that a large percentage of persons who are arrested for both drug and nondrug offenses (such as thefts, burglaries, robberies, assaults, rapes, and homicides) test positive for recent drug use."). There is nothing in the

legislative history to indicate that the legislature was concerned with an increase in Criminal Trespass Onto State Lands or that it associated such trespass with the use of methamphetamine or other dangerous drugs and thus enacted HRS § 712-1243 with a purpose of preventing such an offense.[2] Thus, while the Circuit Court wrongly concluded that Criminal Trespass Onto State Lands "is not a property crime" it correctly concluded that it "is not a property crime consistent with the legislative intent of criminalizing the possession of any amount of illicit drugs."

As the Circuit Court exercised its discretion, in part, based on erroneous findings, we conclude that the Dismissal Order must be vacated in order for the court to redetermine the issue of whether Enos's conduct constituted a *de minimus* violation.

For these reasons, the Circuit Court's April 16, 2018 Dismissal Order is vacated, and this case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawai'i, April 30, 2019.

On the briefs:

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[2] Nor can it be said that the Legislature enacted or amended HRS § 712-1243 with the intent to counter increased violations of the specific offense of Criminal Trespass Onto State Lands, since the statutory provision stating that offense was not enacted until 2017, subject to the already existing amendments to HRS § 712-1243.